# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LINDSEY TOMPKINS,** | * |
| **Plaintiff,** | * |
| | * |
| vs. | * |
| | * Civil Action No.: 1:21-cv-00288 |
| **ROYAL ADMINISTRATION** | * |
| **SERVICES, INC.,** | * |
| | * |
| **Defendant.** | * |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

COMES NOW Plaintiff, by and through the undersigned counsel, pursuant to the applicable *Rules of Civil Procedure*, and propounds to Defendant, the following Requests for Production, to be answered within the time allowed by law.

## INSTRUCTIONS

In answering these Requests for Production, you are required to furnish all information available to you, including information in possession of your attorney or any person acting on your or her behalf, and not merely such information as is known of your knowledge if you cannot answer any particular Requests for Production in full, after exercising due diligence to secure the information sought, state and answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that, under the provisions of Rule 26(e) of the *Federal Rules of Civil Procedure*, you are under a duty to seasonably supplement your response to any question directly addressed to (a) the identity and location of persons knowing discoverable matter and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter which he is expected to testify and the substance of her testimony. You are under a duty to seasonable

amend a prior response if you obtain information upon the basis of which you (a) you know that the response was incorrect when made, or (b) you know the response, though correct when made, is no longer valid, and the circumstances are such that a failure to amend the response is, in substance, knowing concealment.

If a privilege is claimed as a ground for not responding in whole or in part to any request made herein, you shall in your responses hereto describe the factual basis for the claim of privilege in sufficient detail to permit the Court to adjudicate the validity of the claim.

## DEFINITIONS

A. "You," "Royal," or "Defendant" shall mean Royal Administration Services, Inc.

B. "Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

C. "Plaintiff" shall mean Lindsesy Tompkins.

D. "Document" shall mean any written, recorded, transcribed, punched, taped, filmed, or graphic matter of any kind or description, however, produced or reproduced, including information maintained in computer form.

E. "And" as well as "Or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these requests for production any information or documents which might otherwise be construed to be outside their range.

F. "Person" or "Persons" means and includes any man, woman, individual, corporation, organization, association, partnership, limited partnership, firm, joint venture, governmental body, agency, governing board, department, division, trust, business trust or any other entity.

G. "Identity," about any person or entity, means to state her, her or its full name, last known address and telephone number, and every relationship (including their present and former

job titles) to Defendant.

  H. "Communication" means and includes telephonic and in-person conversations, written correspondence, and voice, facsimile, "SMS" or "Text" messages, electronic and computerized messages or recordings.

  I. "Contact or contacted" means communicating with (someone) to give or receive specific information.

  J. "Describe" means, for each Communication, to identify each employee involved and to state the names of any other parties involved; the date, time (Local Alabama Time) and manner of communication; total length of any conversation; and a detailed description of the content.

  K. "Indicate" means, for each Document, to provide the date of the document, to identify the authors, summarize the subject matter, to remember everyone to whom the document or any copies were distributed at any time, any applicable code or number, and, if it has been destroyed, the date and manner of destruction.

  L. "Employee" means and includes any current and former employees, managers, agents, and attorneys of an organization.

  M. "You" or "Your" means and includes Defendant and its employees. If "you" is not capitalized, it shall be limited to and represent the responding party only.

  N. "Statement" shall mean (a) any written statement, however, maintained, that is signed, consented to or otherwise adopted and approved by the person making it or (b) any stenographic, mechanical, electrical, or another recording, or a transcription thereof, that is a substantially verbatim recital of an oral statement made by a person and contemporaneously recorded.

  O. "Produce"  when used about documents, shall mean to copy each responsive

document (or provide non-encrypted and otherwise readable copies of electronic documents), note the Discovery Requests to which such document is responsive, and provide a copy of the same to undersigned counsel at the address listed below within the time allowed by law.

 P. "TCPA" refers to the Telephone Consumer Protection Act, 14 U.S.C. §227 *et seq*.

 Q. "ATDS" refers to an "automatic telephone dialing system," as defined in 47 U.S.C. §227(a)(1).

 R. "Complaint" shall mean Plaintiff's Complaint and any Amended Complaint in this matter.

 S. "Calls" shall mean calls and text messages.

 T. "Leads" means potential clients or customers.

 U. "Vendor" means a person or company offering something for sale.

## **REQUESTS FOR PRODUCTION**

 1. A copy – or a description by category and location – of all documents, electronically stored information, and tangible things in your possession, custody, or control, and that may be used to support your claims or defenses unless the use would be solely for impeachment.

 2. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible Judgement in this Action or indemnify or reimburse for payments made to meet the Judgement.

 3. Any electronic information, logs, screenshots, memoranda, or other reports created or prepared using any computer system, software package, software system or other electronic or non-electronic device used in any manner by Defendant's employees, agents or vendors to contact Plaintiff, which includes Plaintiff's name, address, telephone numbers or any other information that is personally identifiable to Plaintiff.

4. Any documents relating in any manner to and evidencing each action taken by Defendant, its employees, agents or vendors scheduling (including each communication, or attempted communication, between Defendant, its employees, vendors and agents, Plaintiff and any third party) that relates in any way to the contact of Plaintiff by Defendant; specifically including any records, recordings, action/call/mail logs, copies, electronic trails, screenshots, journal entries, memoranda, etc. (whether maintained electronically or otherwise) of such action.

5. A copy of every document involving communications(s) or contact(s) between you and any other person (whether in-house or with a third party) which in any way references Plaintiff or any of her identifiers.

6. A copy of every document involving communication(s) or contact(s) between you and any other person (whether in-house or with a third party) which in any way references or relates in any manner (however remote) to any allegation or defense asserted in this Action.

7. A copy of all specification sheets, owner's manuals, training or operations materials, Software User Guides, promotional materials, datasheets or other written material (whether maintained in paper form or electronically) which relates in any manner to the installation, capabilities, maintenance and use of the equipment, components, programs, services, technologies, software and tools utilized directly or indirectly to contact Plaintiff.

8. Any documents that may be described as studies, analyses, memorandums, business plans, reports, surveys or other such records (whether generated by Defendant, at Defendant's request by a consultant, vendor or agent or by an independent third-party) that address or relate in any manner to contacting potential clients by telephone.

9. Any documents relating in any manner to the methods, techniques, models, triggers, and standard operating procedures used to contact Plaintiff by telephone.

10. A copy of all policy manuals, procedure manuals and other documents which address your policies, practices or procedures regarding contacting potential clients by telephone and compliance with the TCPA, including but not limited to:

   a. Documents relating to the content, timing and duration of all training that relates in any way to the maintenance, operation, employment or utilization of the methods, techniques, models and other systems used by Defendant to contact potential clients by telephone and the policies and procedures relating to it; and

   b. Documents relating to the content, timing and duration of all training that relates in any way to federal and state laws and the common law legal duties of Defendant to consumers relative to telephone contact.

11. A copy of all documents reflecting or relating to the practice, policies or procedures described in your answers to any of the Interrogatories, Requests for Production and Requests for Admission.

12. A copy of all documents that relate in any manner (however remote) to the information sought through the Interrogatories and Requests for Admissions and to any allegation or defense asserted in this Action.

13. Produce copies of any statements you have taken or received from any third person in any way connected or relating to any allegation or defense asserted in this Action.

14. Produce copies of any statements, itemizations and invoices received from any vendor or other third-party service equipment provider of leads, equipment, components, programs, services, technologies, software and tools utilized directly or indirectly to contact Plaintiff.

15. Produce a "plain-English" description or glossary for any lists, legends, codes,

abbreviations, collection initials or other non-obvious terms, words or data contained in any of the documents produced in response to the Requests for Admission, Interrogatories and Requests for Production.

16. All documents identified, consulted, reviewed or referred to in response to any Requests for Admission, Interrogatories and Requests for Production.

17. Any documents relating in any manner to all lawsuits, legal claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements/consent judgments, out-of-court settlement or any other proceedings, formal or informal, brought by, in, or to the Better Business Bureau, Commerce Department, Federal Trade Commission, Federal Communications Commission, Court or other regulatory agency, against Defendant, and its employees/agents, at any time arising from, or in any way related to, your marketing and potential client contact activities.

*/s/ Earl P. Underwood, Jr.*
**Earl P. Underwood, Jr.**
**21 South Section Street**
**Fairhope, Alabama 36532**
**Telephone:    (251) 990-5558**
**Facsimile:     (251) 990-0626**
epunderwood@alalaw.com
*Attorney for Plaintiff*

*/s/ Steven P. Gregory*
**Steven P. Gregory**
**505 20th Street North, Ste 1215**
**Birmingham, Alabama 35203**
**Telephone:    (205) 208-0312**
steve@gregorylawfirm.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2022, the preceding was served upon the following by electronic mail or first-class mail via the USPS:

**Curtis R. Hussey, Esq**
**Gulf Coast ADR, LLC**
**82 Plantation Pointe #288**
**Fairhope, Alabama 36532**
**Telephone:    (251) 928-1423**
**gulfcoastadr@gmail.com**

　　　　　　　　　　　　　　　　　　　　　　*/s/ Earl P. Underwood, Jr.*
　　　　　　　　　　　　　　　　　　　　　　**Earl P. Underwood, Jr.**

　　　　　　　　　　　　　　　　　　　　　　*/s/ Steven P. Gregory*
　　　　　　　　　　　　　　　　　　　　　　**Steven P. Gregory**